IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: Anna Marie Tenuta | ) | Case No. |
| | ) | |
| Plaintiff | ) | COMPLAINT |
| | ) | |
| v. | ) | July Demand Requested |
| | ) | |
| Performant Recovery, Inc. | ) | |
| 333 N. Canyons Parkway, Suite 100 | ) | |
| Livermore, CA 94551 | ) | |
| | ) | |
| Defendant | ) | |

Now comes Plaintiff, by and through her attorneys, and, for her Complaint alleges as follows:

## INTRODUCTION

1. Plaintiff, Anna Marie Tenuta, brings this action to secure redress from unlawful collection practices engaged in by Defendant, Performant Recovery, Inc.. Plaintiff allege violation of the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 et seq. ("FDCPA").
2. The FDCPA broadly prohibits deceptive or misleading statements in connection with the collection of a debt. 15 U.S.C. Section 1692e.
3. The FDCPA makes clear that within five days of any initial communication, a debt collector clearly state who the current creditor of the Debtor is. 15 U.S.C. Section 1692g

## APPLICABLE CASE LAW

4. In *Janetos vs. Fulton Friedman & Gullace, LLP* (No. 15-01859), (7th Cir., 2016), the Seventh Circuit Court of Appeals stated if a dunning letter fails to disclose the required language in 15 U.S.C. Section 1692g(a), it violates the FDCPA.
5. Said case stated "[T]o satisfy Section 1692g(a), the debt collector's

notice must state the required information 'clearly enough that the receipient is likely to understand it.'" *Id.*

6. Furthermore, the Seventh Circuit Court of Appeals stated in *McMillan vs. Collection Professionals, Inc.*, 455 F.3d 754 (7th Cir., 2006) stated that "[C]alling into question another's honesty, and implying that the individual has dishonest intentions arguably rises to the level of language that could shame or humiliate the reader of the letter."

## JURISDICTION AND VENUE

7. This court has jurisdiction pursuant to 28 U.S.C. Section 1331, 1337, 1367; and 15 U.S.C. section 1692(d).
8. Venue is proper because a substantial part of the events giving rise to this claim occurred in this District.

## PARTIES

9. Plaintiff, Anna Marie Tenuta (hereinafter "Plaintiff") incurred an obligation to pay money, the primary purpose of which was for personal, family, or household uses (the "Debt").
10. Plaintiff is a resident of the State of Illinois
11. Defendant, Performant Recovery, Inc. ("Defendant"), is a California business entity with an address of 333 N. Canyons Parkway, Suite 100, Livermore, CA 94551 operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. Section 1692a(6).
12. Unless otherwise stated herein, the term "Defendant" shall refer to Performant Recovery, Inc..
13. At some point, the original creditor, transferred this debt to Defendant for debt collection.

## ALLEGATIONS

14. The Plaintiff allegedly incurred a financial obligation in the approximate amount of $3395.20 (the "Debt") to an original creditor (the "Creditor")
15. The Debt was purchased, assigned or transferred to Defendant for collection, or Defendant was employed by the Creditor to collect to Debt.
16. The Defendant attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. Section 1692a(2).
17. On February 10, 2016, Defendant sent an initial communication to Plaintiff. See Exhibit A.
18. The Upper left Caption stated: "Claim of: EDUCATIONAL CREDIT MANAGEMENT CORP" See Exhibit A.
19. The letter goes on to state "[T]his letter serves as formal notice that your above-refrenced delinquent account has been referred to Performant Recovery, Inc. for collection." See Exhibit A.
20. Said letter goes on to state "[D]ue to your failure to honor your obligation with your institution, the entire unpaid balance of your account has become due and payable and your original repayment plan is null and void. Request is hereby made that you contact us to make arrangements to repay the balance of your account." See Exhibit A.
21. Finally, said letter states "[I]f you wish to avoid further collection efforts you may remit the entire balance of your account, made payable to our
22. As stated in paragraph 17, this letter was sent to Plaintiff on February 10, 2016.
23. There has been no collection activities at all since the date of this letter.
24. Nowhere does it state who Plaintiff's creditor is; in fact it is quite confusing on this Section 1692g(a) requirement.
25. Any unsophisticated debtor (or sophisticated) would read this that the creditor could be: a. Educational Credit Management Corp., b. the institution (as implied in paragraph 20) or c. Performant Recovery, Inc.

26. Finally, by telling Plaintiff that she has failed to honor her obligation on this matter, she is telling, or at the very least implying, that Plaintiff has acted in a disgraceful matter.

## STANDING AND INJURY

27. Plaintiff has suffered an injury in fact that is traceable to Defendant's conduct and that is likely to be redressed by a favorable decision in this matter.
28. Specifically, Plaintiff suffered a concrete informational injury as a result of Defendant's failure to provide truthful information in connection with its attempt to collect an alleged debt from Plaintiff.
29. The rights and obligations established by section 1692g were considered by the Senate at the time of passage to be a "significant feature" of the Act. "This provision [section 1692g] will eliminate the recurring problem of collectors dunning the wrong person or attempting to collect debts which the consumer has already paid." S. Rep. No. 382, 95th Cong., 1st Sess. 4, at 4, reprinted in 1977 U.S.C.C.A.N. 1695, 1696,
30. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendant's unlawful conduct.
31. As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, and frustration.

## VIOLATIONS OF THE FDCPA-15 U.S.C. SECTION 1692, et seq.

32. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.
33. The Defendant's conduct violated 15 U.S.C. Section 1692e in that it threatened Plaintiff with "further collection efforts" unless payment was made, without doing so.
34. The Defendant's conduct violated 15 U.S.C. Section 1692g(a) by not

stating clearly who the creditor was on this matter.

35. The Defendant's conduct violated 15 U.S.C. Section 1692e by suggesting to Plaintiff that she acted in a disgraceful matter.

## JURY DEMAND

36. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

37. Plaintiff demands the following relief:

WHEREFORE, the Court should enter Judgment in favor of Plaintiff and against Defendant for:

(1) Statutory damages;

(2) Attorney fees, litigation expenses and costs of suit; and

(3) Such other and further relief as the Court deems proper.

Respectfully submitted,

/s/ John Carlin
John P. Carlin #6277222
Suburban Legal Group, PC
1305 Remington Rd., Ste. C
Schaumburg, IL 60173
jcarlin@suburbanlegalgroup.com
Attorney for Plaintiff